CALVIN H. RUGGLES *vs.* JOHN BARTON, JR.

A warranty deed from a mortgagee, who has entered upon the land for breach of condition of the mortgage, passes his title, and, though unaccompanied by a transfer or assignment of the mortgage notes, enables his grantee to maintain a writ of entry to foreclose the mortgage, and, on producing and filing the notes, to have a conditional judgment.

WRIT OF ENTRY on a mortgage. At the trial in the court of common pleas, at December term 1858, the demandant offered evidence of these facts:

On the 1st of April 1850 the tenant executed a mortgage of the demanded premises, to secure the payment of two promissory notes, to William A. Hayward, who on the 4th of August 1851 entered and took possession of the premises, for breach of condition, in presence of two witnesses, but omitted to have a certificate thereof recorded. Hayward remained in possession until the 14th of October 1854, when he conveyed the premises to the demandant by deed of warranty. The mortgage has never been discharged; nor the notes, which it was given to secure, given up or destroyed. No assignment of the mortgage or notes has ever been made, unless by virtue of the deed to the demandant.

Upon this evidence, *Mellen,* C. J. ruled that the action could not be maintained. A verdict was taken for the tenant, and the demandant alleged exceptions.

*H. Chapin & T. G. Kent,* for the demandant.

*P. C. Bacon,* for the tenant.

Dewey, J. Upon the facts stated in the present case, the court are of opinion that the deed from Hayward to the plaintiff passed the legal interest of Hayward in the demanded premises to the plaintiff. It was a deed of warranty, and, as such, would pass all the present interest of the grantor. If that was an absolute estate in fee simple, such interest would pass thereby; but if the grantor had a less interest, it would pass that interest. A mere quitclaim deed would have passed the legal interest of Hayward in the mortgage to the plaintiff. *Hunt* v. *Hunt,* 14 Pick. 382. A warranty deed would be not less effectual in passing the mortgage interest, but would also secure to the grantee any title subsequently perfected by the grantor.

The ground of objection principally relied upon, that the plaintiff cannot maintain an action to foreclose such mortgage, inasmuch as the notes secured by the mortgage were not in fact transferred to the plaintiff at the time of his taking the deed from Hayward, cannot avail. It is true that the conditional judgment for foreclosure can only be entered upon proper evidence of the amount of the debt secured by the mortgage

that remains unpaid, and if the plaintiff was unable to avail himself of the notes secured by the mortgage, he would not be entitled to the conditional judgment upon the mortgage. But those notes have never been given up or in any way discharged or transferred to any third person. The mortgagee, Hayward, has held them as collateral to his mortgage ; and, to give effect to his conveyance to the plaintiff, they are now produced in court by the plaintiff, and offered to be filed in the case as the foundation of the conditional judgment. This obviates all the technical difficulty of taking a conditional judgment upon a naked assignment or transfer of the mortgage without the notes.

We think that the verdict that was entered for the defendant should be set aside, and the case remitted for further proceedings ; and that upon filing the notes secured by the mortgage, the plaintiff will be entitled to a conditional judgment upon the mortgage.